TO: CLERK OF
COURT OF CRIMINAL APPEALS

DECEMBER 15,2017

re: Ex PartBelao,,State V.Delao,WR-86,925-01

Please finding enclosed applicant's reply to States findings and conclusion of law.

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 21 2017

Deana Williamson, Clerk

/s/ _Isiah Delao_

Isian Pual delao 31324108

Isiah Delao

EX PARTE                              §        IN THE 54th JUDICIAL

ISIAH PAUL DELAO                      §

                                      §        DISTRICTY COURT OF

VS.                                   §

                                      §        MCLENNAN COUNTY, TEXAS

THE STATE OF TEXAS                    §


APPLICANT's "REPLY" TO THE COURT's REPORT FINDINGS AND FACTS OF LAW
CONCLUSIONS         TO APPLICANT's WRIT ART.11.07

Now comes, ISIAH PAUL DELAO, applicant in the above-styled cause, and files this reply to the States Findings of Facts and Conclusions of Law, relying on Haines v. Kerner, for less strigent pleading standards, and will showe the court the following :

On May 18, 2017 applicant filed his initial application for habeas corpus pursuant to Art.11.07, Tex.Code Croim.Proc. Thje District Attorney's office was served with a copy of said application via email. On August 23, 2017, The Court of Criminal Appeals entered an Order abating and remanding this cause to the State Court for additional findings and conclusions of law regarding : trial counsel's ineffective assistance of counsel for failing to object to the jury charge, and states laches claim.

Applicant's trial counsel, Richard Ferguson filed an affidavit reshponding to the applicant's writ, by his signature, October 24, 2017. Applicant points out to the Court that though, trial counsel Ferguson"s affidavit was supposely filed, October 24, 2017 with the court, it was'nt officially filed with the court until, December 12, 17, and applicant did not receieve a copy of said writ until, December 15, 2017, therefore, any tardiness of this reply to the states Findings is imputed to the state for failing to comply with Art.11.07, section 7, in timely sending applicant a copy of the documents filed in this case pursuant to the rules. Furtrhermore, applicant avers that the court file its Findings and conclusions of law on December 11, 2017, a day before ferguson's affidavit was filed with the court, which challenges the court's findings that Ferguson's affidavit was credible and believable, the court filed its findings with this court "before" it considered Ferguson's affidavit. (See State's Findings of Facts and Con-

1

clusions of law, stamp dated dec.11,2017 and see Ferguson's Affidavit date stamped on Dec 12,2017).

## Doctrine of Laches

This Court has already once rejected the state's claim under the affirmative defense of laches, this court abated the court's ealier findings of facts and conclsions of law and remanded applicant's writ for further findings.

The doctrine of laches is an equitable doctrine, laches is not based on the passage of time alone,, "Equity eschews mechanical rules, it depends on flexibility". It will also provide the flexibility neccessary for balancing equties to determing whether laches should apply, see e.g BAXTER V.ESTELLE, 614 F.2d 1030,1033-34 (5th Cir 1980).

"Laches is an equitable doctrine". Its application must be considered on the facts of each case, based on the reasonableness of the party's behavior under the circumstances," ESSO INTL.INC. V. S.S CAPITAL JOHN,443 F.2d 1144,1150 (5th Cir.1071)

"Courts of equity must take account of" specific circumstances" often hard to predict in advance , ]that] could warrent special treatment in an application in an appropri-ate case", BAGGET V.BULLITT,377 U.S.360,375.

Applicant avers that he has previously address his reasons for delay in an "Objection and Reply" to the trial court's initial findings submitted to this court, which the trial court should have transcribed to the Court of Criminal Appeals along with the rest of the filings in this case (See Applicant's reply and "Objection" to courts report and recommendation in 11.07 Writ).

Particularly, applicant presented that he had justifiable excuse or excusable negli-gence, applicant is certifably mental retarded and could not effect an ealier filing of his writ, he could not afford nor procur a lawuyers assistance and had not means to effect the filing of the writ until he met a prison "writ writer" that aggreed to help him, applicant excercised due diligence in attempting to get his writ to the court's but was forestall due to his complete inability and mental deficiency to effect the writ himself in a more timely manner.

The court does not have to accept the trial court's reliance on laches, EX PARTE PEREZ,

2

398 S.W.3d 206,220, the court in PEREZ, left intact the "equitable priniciple" that premitted a court to reject the State's reliance on laches when the record shows that :

"an applicant's delay was not unreasonable because it was due to a justifiable excuse or excusable negligence....

"the State would not be materially prejudiced as a result of the delay ; Or

"the applicant's is entitled to equitable tolling relief for other reasons ....

Applicant avers that his delay was not unreasonable, Perez, and applicant's "specific circumstances",Esso Baxter, Holland (supra).

Applicant also avers that he argued against the states claim of prejudiced based on laches, applicant also submitted to the court a second "obection" which the court also should have transcribed to this court per the rules, in that arguement applicant argued that the State would not be prejudiced , though under Perez, the state does not have to show a particularized showing of prejudice , the State in its latest findings of facts and conclusions of law the trial counsel's memories as faded, the trial court claims that applicant had not provided any justification for his delay between May 18,2017 and October 23,2017,
The Court is wrong and willfully so, applicant has filed three seperate motions with the court (copys of which he also submitted to the Court of Criminal appeals) in which he objects to the states laches claim and provide his reason for delay. The trial court has a duty to transcribe these motions to the Court of ctriminal appeals for reveiw in this matter, if the States has not done so, then this court should order that they do so and stay proceedings until the trial court has done so.

### FERGUSON's AFFIDAVIT

Trial counsel Fergoson claims that his recollection of the trial has failed or faded, however, applicant points out that 91). trial counsel Ferguson does not claim that he reveiwed his trial notes concerning his representation, (2). nor does he claim in his affidavit that he did not still reatain said trial notes or that they were destroyed, (3), nor does trial counsel ferguson stated in his affidavit that he reveiwed the trial records, Report's records or trial transcripts and concluded that he did not failed to correct the improper jury instruction.

3

Apiplicant avers that the affidavit is not credible because trial counsel has not demonstrtated that he could not use the available Report's record, trial transcripts or staement of facts to refresh his memory, he presents not evidence that he was prevented from doing so or that doing so would be inadequate to refresh his recollection.

As for grounds IV and V applicant did raises ineffective assistance of counsel grounds on appellate counsel for failing to raise on direct appeal.

As for ground IV, charging error, applicant also raised an ineffective assistance of appellate counsel for failing to raise on direct appeal.

As for ground V, Ferguson claim's in his affidavit that applicant's own memorandum of lawlaw, page 5 states the trial judge ruled at the suppression hearing that Delao's confession was freely given and that Delao was under, not under arrest or in custody, why would the judge have made these rulings if I (ferguson) had not raised them ? Applicant argues that Ferguson's self-serving implication that he did raise the point that Delao affiant was under arrwesst is contradicted by the trial record, Applicant avers that trial counsel Ferguson deliberately and specifically argued that Delao "voluntarily went to the police station and gave his confession.

Ferguson'sa argument was that Affiant/applicant's confession was involutary because he was coerced and had mental dificoiencioes proventing him from underrstasnd ing the process,  n ot that he was under arrest. Ferguson never challenged, argued nor objected to the Court's conclusion that applicant was not under arrest, this fact his supported by the record. The trial court concluded on his own ,sau sponte, that applicant was not under arrest. And ferguson failed to challenge or object.

As for as the Jury Charge, again the reporter's record and trial transcritps or very sufficient for the Court of Criminal appeals to make a decisiopn, and trial counsel Ferguson also could have reveived these means to determined that he in fact did not object to the errounous jury charge. Again, Petrguson does not give any indication that he reveiv his trial notes or that said notes were not taken or were destroyed. It was unreasonable for trial counsel to fail to correct the jury charge, erroneous jury instructioons/charges will always  be considered harmful unless otherwise shown.

8 4

Applicant raised ineffective assistance of appellate counsel in his writ, the court designated issues as to the grounds of ineffective assistance of Appellate counsel, this court only addressed ineffective assistance of trial counsel, applicant "Objects" to the court's refusal to entertain his ineffective assiustance of appellate counsel by having appellate counsel file an affidavit resopnding to applicant's claims.

This is not a subsequent writ.

WHEREFORE, applicant prays this Court of Criminal Appeals will reject the State's and and trial counsel's reliance on laches and GRANT relief in favor of Applicant/.

executed this 15 day of December,2017

/2/  _Isiah Delao_

Isiah Paul delao #1324108
Coffeild unit,2661 FM 2054
Tennessecolony,Tx,75884

### CERTIFICATE OF SRVICE

I,Isiah Paul Delao, do hwereby certify that a true and correct copy of the foregoing Reply was served on the State by placing a copy of same in the U.S.Mail,certified legal per mail box rule, addressed to:

LJon R.Gimble
District Clerk
501 Washington Ave
Waco,Texas,76701

/s/  _Isiah Delao_

Isiah Paul delao
12/15/2017

45